# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.15.182.57,<br><br>             Defendant. | Case No. 19-cv-03670-BLF<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>[Re: ECF 6] |

Plaintiff Strike 3 Holdings, LLC has filed an *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. *Ex Parte* Applic., ECF 6. The application is GRANTED for the reasons discussed below.

## I.     BACKGROUND

Plaintiff produces and distributes adult motion pictures through internet subscriptions and DVDs. Lansky Decl. ¶¶ 3, 15-17, Exh. A to *Ex Parte* Applic., ECF 6-1. When Plaintiff puts videos online for its paid members to view, they often are illegally downloaded and made available to others. Lansky Decl. ¶ 23. Plaintiff hired a forensic investigation services company, IPP International UG ("IPP"), to monitor and record online infringement of its movies. Fieser Decl. ¶¶ 3-4, Exh. B. to *Ex Parte* Applic., ECF 6-1. IPP determined that someone using the Internet Protocol ("IP") address 73.15.182.57 was distributing Plaintiff's copyrighted movies. Fieser Decl. ¶¶ 6-10. Plaintiff retained a cyber security firm, 7 River Systems, LLC, to determine the identity of the subscriber of IP address 73.15.182.57. Pasquale Decl. ¶¶ 2-6, Exh. C to *Ex Parte* Applic., ECF 6-1. 7 River Systems determined that the Doe defendant's internet service provider, Comcast Cable Communications, LLC is the only entity that can correlate the IP address

to its subscriber and provide the identity of the subscriber. Pasquale Decl. ¶ 10. Plaintiff was able to trace the IP address to a location in Antioch, California, which is within this Court's jurisdiction. Kennedy Decl. ¶¶ 4-7, Exh. E to *Ex Parte* Applic., ECF 6-1.

Plaintiff filed this copyright action on June 24, 2019, alleging that "John Doe subscriber assigned IP address 73.15.182.57" is engaging in "ongoing and wholesale copyright infringement" by downloading Plaintiff's motion pictures and distributing them to others. Compl. ¶¶ 1, 4. Plaintiff now seeks leave to take early discovery, specifically, to serve a third party subpoena on Comcast Cable seeking the identity of the John Doe subscriber.

## II. LEGAL STANDARD

In general, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). However, "[a] court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice." *G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. C 14-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014). "Courts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause' for the early discovery." *Id.* (collecting cases).

"To determine whether there is 'good cause' to permit expedited discovery to identify doe defendants, courts commonly consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible." *Dallas Buyers Club LLC v. Doe-69.181.52.57*, No. 16-CV-01164-JSC, 2016 WL 4259116, at *2 (N.D. Cal. Aug. 12, 2016) (citations omitted).

When the plaintiff does not know the identities of defendants, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

## III.  DISCUSSION

Plaintiff has made a sufficient showing as to all four factors to establish good cause for the requested early discovery.  First, Plaintiff has identified the missing defendant with sufficient particularity to show that the defendant is a real person or entity who could be sued in this Court.  Second, Plaintiff has described the steps it has taken to identify the IP subscriber.  Those steps, which included hiring a forensic investigation services company and a cyber security firm, are documented in the several declaration submitted in support of Plaintiff's *ex parte* application.  *See* Exhs. A-E to *Ex Parte* Applic., ECF 6-1.

Third, Plaintiff has alleged facts sufficient to withstand a motion to dismiss.  The complaint contains a single claim for direct copyright infringement.  Compl., ECF 1.  That claim has two elements:  (1)  ownership of the allegedly infringed material and (2) violation of at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.  *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007).  Among the exclusive rights set forth in § 106 are the rights to reproduce, sell to the public, or display to the public a copyrighted work.  17 U.S.C. § 106.  Plaintiff alleges that it holds the copyrights to adult motion pictures that the Doe defendant downloaded and distributed without permission.  Compl. ¶¶ 36-39, ECF 1.  Those allegations are sufficient to state a claim of direct copyright infringement.

Fourth and finally, Plaintiff has provided the declaration of a cyber security expert, stating that Comcast Cable is the only entity that can identify the subscriber of the IP address 73.15.182.57.  Pasquale Decl. ¶ 10, Exh. C to *Ex Parte* Applic., ECF 6-1.

In other cases like this one, involving adult content, some district courts have found it appropriate to issue a *sua sponte* protective order.  For example, when Plaintiff Strike 3 Holdings obtained leave to take early discovery in another copyright case brought in this district, the court *sua sponte* issued a protective order directing Plaintiff to treat information regarding the Doe defendant as confidential for a limited period of time, until the Doe defendant had an opportunity to file a motion for leave to proceed anonymously.  *See Strike 3 Holdings, LLC v. Doe*, No. 17-CV-07051-LB, 2018 WL 357287, at *3 (N.D. Cal. Jan. 10, 2018).  Plaintiff does not object to issuance of a *sua sponte* protective order in this case.  *Ex Parte* Applic. at 13, ECF 6.

Accordingly, the Court GRANTS Plaintiff's *ex parte* application for leave to serve a third party subpoena on the Doe defendant's internet service provider, Comcast Cable. The Court *sua sponte* orders that any information Plaintiff obtains regarding the Doe defendant shall be treated as confidential until the Doe defendant has an opportunity to file a motion for a protective order or a motion for leave to proceed anonymously.

**IV.  ORDER**

(1)     Plaintiff's *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference is GRANTED;

(2)     This order is without prejudice to the rights of the third party to move to quash the subpoena or to respond to the subpoena in any other manner permitted by law;

(3)     The Court *sua sponte* issues a limited protective order directing that any information Plaintiff obtains regarding the Doe defendant shall be treated as confidential until the Doe defendant has an opportunity to file a motion for a protective order or a motion for leave to proceed anonymously; and

(4)     Plaintiff's counsel is directed to read and comply with this Court's Standing Order Re Civil Cases in all future filings. Plaintiff's *Ex Parte* Application exceeds this Court's 10-page limit and it does not comply with this Court's requirements regarding use of footnotes. Given the nature and urgency of Plaintiff's application, the Court chose not to strike it. However, failure to comply with the Standing Order Re Civil Cases in the future may result in non-compliant filings being stricken.

Dated: July 17, 2019

BETH LABSON FREEMAN
United States District Judge